IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

GAIL THOMAS,

    Plaintiff,

vs.

                        No.    19-2272-SHL-dkv

MID SOUTH COMMUNICATION
FOUNDATION,

    Defendant.

---

ORDER REFERRING CASE FOR MEDIATION PURSUANT TO THE
ALTERNATIVE DISPUTE RESOLUTION PLAN

---

This case is referred to mediation in accordance with the Plan for Alternative Dispute Resolution in the United States District Court for the Western District of Tennessee ("the ADR Plan") effective September 1, 2014, as revised April 1, 2016.

1. <u>Selection of Mediator</u>

Pursuant to ADR Plan § 5.4, the court maintains a list of trained mediators. The parties have until <u>November 15, 2019,</u> to select a mediator, confirm the mediator's availability, and file a stipulation regarding their selection. The parties may select a mediator other than from the court's mediator list. The Clerk shall send a copy of this Order to the mediator. If the parties are unable to agree on a mediator for this case by <u>November 15, 2019</u>, they are to promptly advise the court, and the court will

select a mediator from the mediator list and shall issue an order notifying the parties of the mediator's identity.

2. <u>Scheduling the Mediation</u>

The mediator shall conduct a telephone conference, jointly or separately, with counsel and any unrepresented parties, to fix the date and place of the mediation. The mediation shall be held in the U.S. Courthouse or the mediator's office. Pursuant to the scheduling order, the mediation shall be conducted on or before December 17, 2019. Failure to mediate will not be considered cause for the continuance of the trial date. Referral to mediation is not a substitute for trial, and the case will be tried if not settled.

3. <u>Submission of the Mediation Memorandum</u>

Pursuant to the ADR Plan § 5.6, each party shall submit to the mediator, no later than seven (7) days before the scheduled mediation unless the mediator instructs otherwise, a mediation memorandum not exceeding ten (10) double-spaced pages setting forth their respective positions concerning all issues involved in the case, including the rationale for such positions. The mediation memorandum shall:

  a. Identify by name and title or status all persons with factual knowledge and/or settlement authority, who, will attend the mediation as representatives of the party and any other person (including the insurer representative) whose presence might substantially improve the effectiveness of the mediation or the prospects of

        settlement.

    b.    Concisely describe the party's claims and defenses, addressing the party's views of the key liability issues and damages, and discussing key evidence.

    c.    State the relief sought in the case and the basis for monetary calculations.

    d.    Describe the current status of the case, including the status of any motions made.

    e.    Describe the history and current status of settlement negotiations, including offers and counteroffers.

    f.    Provide any other information that might be pertinent to resolution of the case, including possible settlement options and alternatives.

The parties should include in the memorandum copies of documents that are likely to make the mediation more productive or materially advance settlement prospects. The Mediation Memorandum shall be for the mediator's review only and solely for use in the mediation.

    4.    <u>Attendance at the Mediation</u>

Pursuant to the ADR Plan § 5.8, the lead attorney who will try the case for each party must be present. Experience has shown that lead counsel generally has the best relationship with the client, and his/her advice is most often acceptable to the client. It is expected that counsel will be fully authorized to accomplish settlement of this case and prepared to engage in effective settlement negotiations. In addition to lead counsel, the parties, or representatives of corporate parties with full settlement authority, must be present in person at the mediation. A party

who is proceeding *pro se* may be accompanied by one non-attorney upon whom the party relies for support and/or assistance.

Insurer representatives are required to attend in person if their agreement is necessary to achieve a settlement. Failure of any party to have an authorized individual present at the mediation or to participate in good faith may result in the assessment of expenses, costs, and fees for all other attending parties and the imposition of other sanctions as may be authorized by Rule 16(f) of the Federal Rules of Civil Procedure.

    5.    <u>The Mediation Session</u>

Pursuant to the ADR Plan § 5.9(a), the first mediation session shall be a minimum of two (2) hours in duration. The participants shall prepare for and participate in the mediation in good faith and exercise their best efforts to settle the case.

    6.    <u>Confidentiality and Privilege Provisions</u>

Pursuant to the ADR Plan § 5.10, the mediation and all materials shall be confidential. No participant in the mediation process or any portion thereof may communicate confidential information acquired during mediation without the consent of the disclosing party. Information or documents may be exchanged during the course of mediation without waiving applicable privileges. Written or oral statements, discussions, or representations prepared for or made at the mediation SHALL NOT BE admissible in

any future proceeding for any purpose or subject to discovery. *See* Fed. R. of Evidence 408.

7. Reports by the Mediator

Pursuant to the ADR Plan § 5.11, within seven (7) days after the close of each mediation session, and on the form "Mediation Certification" provided by the court, the mediator shall report to the court the date the session was held, whether the case settled in whole or in part or whether any follow up is scheduled.

8. Costs of Mediation

Pursuant to the ADR Plan § 5.3, mediators selected from the court's panel shall receive $250/hour for the first two hours of the initial mediation session and up to two hours of preparation. The costs of mediation shall be divided equally among the parties. If a party is unable to pay his or her pro rata share of the mediator's fee, the party may move to be relieved of his or her obligation to pay all or part of the pro rata share of the mediator's fee by filing a motion for waiver of the ADR fee and supporting affirmation.[1]

IT IS SO ORDERED this 26th day of September, 2019.

---

[1] The IFP Mediation Plan can be found here: http://www.tnwd.uscourts.gov/pdf/content/ProSeIFPCivilCaseMediationPlan.pdf.

6

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE